# EXHIBIT A

RECEIVED

UNITED STATES DISTRICT COURT JUL 05 2018
NORTHERN DISTRICT OF ILLINOIS Chief Judge Ruben Castillo
EASTERN DIVISION United States District Court

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER RELATING TO KNOWN AND UNKNOWN APPLE, GOOGLE, MICROSOFT, INSTAGRAM, TWITTER, FACEBOOK, TUMBLR, ASK.FM, WICKR, YAHOO, SNAPCHAT, SKYPE, TANGO, AMAZON, EBAY, AND WHATSAPP ACCOUNTS | UNDER SEAL No. 18 GJ 385 Rubén Castillo Chief Judge |

**APPLICATION FOR ORDERS RELATING TO**
**KNOWN AND UNKNOWN ELECTRONIC COMMUNICATION ACCOUNTS**

Tiffany Ardam and Matt Hiller, attorneys of the United States Department of

Justice, hereby apply to the Court for respective orders to Google, Snapchat,

WhatsApp, and Apple relating to the following known accounts (together, the

"**Subject Accounts**"):

| Account Identifier(s) | Provider | Subject Account |
|---|---|---|
| Apple ID: tommy.osadzinski@att.net (DSID: 1329939115) | Apple | Subject Account 1 |
| fgsfdsfgh | Snapchat | Subject Account 2 |
| ired7up@gmail.com | Google | Subject Account 3 |
| tomasz.osadzinski@gmail.com | Google | Subject Account 4 |
| 1-847-668-1888 | WhatsApp | Subject Account 5 |

In addition, the application seeks Court orders to Apple, Google, Microsoft,

Instagram, Twitter, Facebook, Tumblr, Ask.fm, Wickr, Yahoo, Snapchat, Skype,

Tango, Amazon, EBay, and WhatsApp relating to identifying accounts associated

with at least one or more of the following email accounts or phone numbers (collectively, the **"Target Accounts"**):

- (847) 668-1888;
- (847) 272-0944
- tomasz.osadzinski@gmail.com
- ired7up@gmail.com
- tosadzin@mail.depaul.edu; and
- tommy.osadzinski@att.net.

By this Application, the government requests that this Court enter an Order granting the following relief:

- Requiring Google, Snapchat, WhatsApp, and Apple to provide historical records and other non-content information for the **Subject Accounts** for the period of time from the creation of the account to the present;

- Requiring Apple, Google, Microsoft, Instagram, Twitter, Facebook, Tumblr, Ask.fm, Wickr, Yahoo, Snapchat, Skype, Tango, Amazon, EBay, and WhatsApp (the "service providers") to provide historical records and other non-content information for any of their respective accounts (active, suspended, and removed), from the account creation date to the present for any accounts associated with the **Target Accounts**; and

- Requiring Apple and Google to provide historical records and other non-content information related to Google Play transactional records related to **Subject Accounts 1** (Apple), **3** (Google), and **4** (Google), including but not limited to app downloads, app purchases, any devices associated

2

with iTunes, Apple's App Store, and Google Play downloads or purchases, and financial transaction records, including the dates and times of the downloads, purchases, or the use of the devices.

This Application also requests, as set forth more fully below, that this Court's orders and this Application be sealed until further notice of this Court.

In support of this Application, applicant states the following:

### Authority to Seek Orders

1.      Applicants are Attorneys for the government as defined by Federal Rule of Criminal Procedure 1(b)(1)(B) and, therefore, may apply for orders requesting the specified relief pursuant to Title 18, United States Code, Section 2703 (records concerning electronic communications).

### Request for Records & Other
### Non-Content Information Pursuant to 18 U.S.C. § 2703(d)

2.      Because Apple, Google, Microsoft, Instagram, Twitter, Facebook, Tumblr, Ask.fm, Wickr, Yahoo, Snapchat, Skype, Tango, EBay, Amazon, and WhatsApp, through their respective social media, blogging, instant messaging, and email services function as electronic communications service providers (*e.g.*, they provide their customers access to electronic communication services, including messaging) and/or a remote computing service (*e.g.*, they provide computer facilities for the storage and processing of electronic communications), Title 18, United States Code, Section 2703 sets out particular requirements that the government must satisfy in order to compel disclosure of the subscriber and other records it is seeking.

3

2703D_001-000003

3.      Service of a subpoena allows the government to obtain from a provider of an electronic communications service or a remote computing service a subscriber's or customer's name, address, length and type of service, connection and session records, instrument number including any temporarily assigned network address, and means and source of payment information. 18 U.S.C. § 2703(c)(2). The government may also compel such information through an order issued pursuant to Title 18, United States Code, Section 2703(d). *See* 18 U.S.C. § 2703(c)(1)(B), (c)(2).

4.      To obtain records and other information pertaining to subscribers of a provider of an electronic communications service or remote computing service, the government must comply with Title 18, United States Code, Section 2703(c)(1), which provides, in pertinent part:

> (A) governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity
>
>      . . . .
>
> (B) obtains a court order for such disclosure under subsection (d) of this section.

Section 2703(d), in turn, provides in pertinent part:

> A court order for disclosure under subsection (b) or (c) may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation. . . . A court issuing an order pursuant to this section, on a motion made promptly by the service provider, may quash or modify such order, if the information or records requested are unusually voluminous in nature or compliance with such order otherwise would cause an undue burden on such provider.

4

5.     The attached affidavit of John P. Farley, Special Agent with the Federal Bureau of Investigation sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records sought are relevant and material to an ongoing criminal investigation. In particular, as described in the attached affidavit, FBI and the Department of Justice are conducting a grand jury investigation of allegations that Thomas Osadzinski supports the Islamic State of Iraq and al-Sham (commonly referred to as ISIS), which is a Foreign Terrorist Organization as designed by the United States Secretary of State. Further, according to the witness who appears to have had sufficient access, Osadzinski uses electronic communication applications, and he watches ISIS propaganda through the internet. Members of the investigation (based on prior investigative work) are aware that ISIS propaganda frequently calls for individuals to join, support, and carry out attacks in the name of ISIS. As a result of the allegations and the investigative work to date, the FBI and Department of Justice are investigating whether Osadzinski is providing or attempting to provide material support and resources to a designated foreign terrorist organization, namely the Islamic State of Iraq.

6.     As explained in the Affidavit, there are reasonable grounds to believe that the **Subject Accounts,** and the individual or individuals who use and communicate with those accounts, may have information that is relevant to an ongoing federal criminal investigation regarding the provision or attempted provision of material support or resources to a designated foreign terrorist organization, in violation of Title 18, United States Code, Sections 2339B (the **"Subject Offense"**).

2703D_001-000005

7.     As described in the affidavit, non-content header information for messages sent to and from the **Subject Accounts** will assist FBI by revealing the existence of communications of the subject, and the identity of other individuals, including potential witnesses and co-conspirators, and communications devices and accounts possibly involved in violations of the **Subject Offense**.

8.     In addition, a search of the service providers for accounts related to the **Subject Accounts** (through accounts associated by cookies, IP addresses, phone numbers, and email addresses) and the **Target Accounts** will assist FBI by revealing other accounts associated with the user or users of the **Subject Accounts** or individuals who may have knowledge of the criminal activity and individuals involved in the criminal activity. Each of the **Target Accounts** are email accounts or phone numbers associated with the subscriber of the **Subject Accounts** and/or the apparent user(s) of the **Subject Accounts**.

9.     The information sought pursuant to Title 18, United States Code, Section 2703(d) includes the following information:

a.     For the period of time from the creation of each respective account to the present, customer or subscriber account information for the **Subject Accounts**, including any means and source of payment for services (including any credit card or bank account number), friend lists, push tokens, and associated email accounts or phone numbers;

b.     For the period of time from the creation of each respective account to the present, all available non-content header information for messages sent to and

6

from the **Subject Accounts**, including but not limited to address information, usernames of the sender and recipients of messages, date and time of the communication, routing information, IP address connection records, and data transfer volume;

        c.     For the period of time from the creation of each respective account to the present, customer or subscriber account information for any Google, Snapchat, WhatsApp, and Apple accounts linked by cookies, email address, IP address, or phone number to the **Subject Accounts**;

        d.     For the period of time from the account creation date to the present, customer or subscriber account information for any Apple, Google, Microsoft, Instagram, Twitter, Facebook, Tumblr, Ask.fm, Wickr, Yahoo, Snapchat, Skype, Tango, Amazon, Ebay, and WhatsApp accounts associated with the **Target Accounts** (active, suspended, and removed), including any names, dates of service, IP addresses, means and source of payment for services (including any credit card or bank account number), friend lists, push tokens, and associated email accounts or phone numbers;

        e.     For any accounts identified in response to subparagraph (d), customer or subscriber account information for any accounts linked by cookies, email addresses, IP addresses, or phone numbers; and

        f.     For **Subject Account 1** (Apple), **3** (Google) and **4** (Google) to provide historical records and other non-content information related to Apple iTunes and App Store and Google Play transactional records, including but not limited to

2703D_001-000007

app downloads, app purchases, any devices associated with iTunes, Apple's App Store, and Google Play downloads or purchases, and financial transaction records, including the dates and times of the downloads, purchases, or the use of the devices.

10. The information requested should be readily accessible to Apple, Google, Microsoft, Instagram, Twitter, Facebook, Tumblr, Ask.fm, Wickr, Yahoo, Snapchat, Skype, Tango, Amazon, EBay, and WhatsApp, and its production is not anticipated to be burdensome.

**Nondisclosure and Sealing of this Application and this Court's Orders**

11. The United States requests that this application and Order be sealed by the Court until such time as the Court directs otherwise.

12. The United States requests that, pursuant to the preclusion of notice provisions of Title 18, United States Code, Section 2705(b), Apple, Google, Microsoft, Instagram, Twitter, Facebook, Tumblr, Ask.fm, Wickr, Yahoo, Snapchat, Skype, Tango, Ebay, Amazon, and WhatsApp ordered not to notify any person (including the subscriber or customer to which the materials relate) of the existence of this Order until: (a) a year from the date of the Order to Service Provider, unless extended; or (b) further order of the Court, except that the Service Provider may disclose the Order to Service Provider to an attorney for the Service Provider for the purpose of receiving legal advice. Notification of the existence of this Order would jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates.

8

WHEREFORE, it is respectfully requested that the Court grant the attached Orders (1) directing the service providers to provide the United States with the records and information identified in paragraph 9 above; (2) directing the service providers not to notify any person (including the subscriber or customer to which the materials relate) of the existence of each respective Order until: (a) a year from the date of the Order to the service provider, unless extended; or (b) further order of the Court, except that each service provider may disclose the Order to an attorney for the service provider for the purpose of receiving legal advice; and (3) directing that the application and Order be sealed.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: July 5, 2018

Tiffany Ardam
Matt Hiller
Assistant United States Attorneys
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 353-5300

9

2703D_001-000009