# EXHIBIT A

Law Office of
# Joshua G. Herman
53 West Jackson, Suite 457 • Chicago, Illinois 60604
Tel: 312-909-0434 • jherman@joshhermanlaw.com • www.joshhermanlaw.com

January 23, 2021

**BY E-MAIL**
Barry Jonas, Melody Wells, & Tiffany Ardam
Assistant United States Attorneys
219 S. Dearborn, 5th Floor
Chicago, Illinois 60604
(*Email:  barry.jonas@usdoj.gov;
melody.wells@usdoj.gov;
tiffany.ardam@usdoj.gov*)

              Re: *United States v. Osadzinski*,
                  Case No. 19 CR 869 (N.D. Ill.)

Dear Mr. Jonas, Ms. Wells, and Ms. Ardam:

  On behalf of Thomas Osadzinski, we submit this formal request for discovery. The documents and information that we request are discoverable under the Fifth and Sixth Amendments to the United States Constitution, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), Federal Rule of Criminal Procedure 16, USAM 9-5.001, the January 4, 2010 Ogden memorandum ("Ogden Memo") (reprinted at Criminal Resource Manual 165), and other provisions of federal law set forth below. We ask that you provide the discovery requested in this letter. We also request that you advise us in writing should the government decline to comply with specific requests so that we may meet-and-confer as necessary prior to filing appropriate discovery motions. (LCrR 12.1). We will be glad to discuss the requests and attempt to resolve any differences that we might have. To the extent the requested materials have already been produced, we are not asking the government to produce them a second time. Further, should any of the information be classified, we would request disclosure in the appropriate manner and classified setting.

  The documents[1] and information requested include not only documents and information in the possession, custody, or control of your office; but also documents and information in the possession, custody, or control of any agency allied with the prosecution, including the Federal Bureau of Investigation, the Department of Homeland Security, the Office of the Director of National Security, the National Security Agency, the Department of Defense, the Central Intelligence Agency, and the National Security Division of the Department of Justice (collectively "the government").

---

[1] The word "documents" includes all books, papers, letters, correspondence, e-mails, notebooks, reports, memoranda, studies, diaries, notes, messages, computer facilitated or transmitted materials, images, photographs, information in any computer database, audio and video tapes, recordings, transcripts, ledgers, printouts and all copies or portions thereof, and any other written, recorded, or memorialized material of any nature whatsoever. As used in this letter, the words "and" and "or" mean "and/or," and the words "includes" and "including" mean "includes (or including) without limitation."

AUSAs Jonas, Wells, and Ardam
January 23, 2021
Page 2

### Rule 16 Discovery Requests

1. The substance of any oral statement made by Defendant in response to interrogation by any person then known by him to be a government agent if the government intends to use that statement at trial. Fed. R. Crim. P. 16(a)(1)(A).

2. Any relevant written or recorded statements made by Defendant within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence could be known, to the attorneys for the government. Fed. R. Crim. P. 16(a)(1)(B)(i).

3. That portion of any written record containing the substance of any relevant oral statement made by Defendant in response to interrogation by any person then known to him to be a government agent. Fed. R. Crim. P. 16(a)(1)(B)(ii).

4. Defendant's recorded testimony (if any) before a grand jury relating to the charged offenses. Fed. R. Crim. P. 16(a)(1)(B)(iii).

5. A copy of Defendant's prior criminal record (if any) that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence could be known, to the attorneys for the government. Fed. R. Crim. P. 16(a)(1)(D).

6. All books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof (collectively "materials") that are material to preparing the defense and are within the government's possession, custody, or control. Fed. R. Crim. P. 16(a)(1)(E)(i).

7. All books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof that the government intends to use at trial as evidence in chief and are within the government's possession, custody, or control. Fed. R. Crim. P. 16(a)(1)(E)(ii). This includes not only those materials that will be marked and offered into evidence, but also those materials that will be relied on or referred to in any way by any witness (including any expert witness) called by the government during its case-in-chief. We ask that any materials that the government intends to use at trial as evidence in chief be specifically identified, both to enable counsel to prepare effectively for trial and to afford defendants an opportunity to move to suppress any such evidence. *See* Fed. R. Crim. P. 12(b)(3)(C) and 12(b)(4)(B). In addition, with respect to all materials produced pursuant to Fed. R. Crim. P. 16(a)(1)(E) or *Brady*, we ask that you identify the source of the materials.

8. All books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof that were obtained from or belong to defendants and that are within the government's possession, custody, or control. Fed. R. Crim. P. 16(a)(1)(E)(iii).

AUSAs Jonas, Wells, and Ardam
January 23, 2021
Page 3

        9.      All results or reports of physical or mental examinations, scientific tests or experiments, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence could be known, to the attorneys for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial, Fed. R. Crim. P. 16(a)(1)(F), including:

        A.      All handwriting exemplars and opinions of handwriting experts, all handwriting or document analyses, and all documents examined or used in, or that relate to, such analyses.

        B.      All fingerprint and palmprint examples, comparisons, and opinions of fingerprint experts, and all documents examined or used, or that relate to, those opinions.

        C.      All questioned document analyses relating to any document at issue in this case, and all documents examined or used in, or that relate to, such analyses.

        D.      All voice identification analyses, and all documents examined or used in, or that relate to, such analyses.

        E.      All polygraph examinations, psychological stress examinations, hypnotic procedures, or any other scientific procedures devised to determine whether a subject is telling the truth, or to refresh a witness' memory, and all documents examined or used in, or that relate to, such examinations.

        10.      A written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial. The summary should describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications. Fed. R. Crim. P. 16(a)(1)(G).

**II.**      ***Brady, Kyles, Giglio, et. al.***

        11.      Under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *Kyles v. Whitley*, 514 U.S. 419 (1995), and *Giglio v. United States*, 405 U.S. 150 (1972), and under the Illinois Supreme Court Rule Rule 3.8(d) (made applicable to federal prosecutors by 28 U.S.C. 530B(a)), Defendant requests prompt disclosure of all documents and information (in whatever form) that would tend to exculpate him with respect to the charge in the indictment, that would mitigate the offense, or that would tend to reduce any sentence.

        In accordance with cases such as *United States v. Safavian*, 233 F.R.D. 12, 16-17 (D.D.C. 2005), *United States v. Carter*, 313 F. Supp. 2d 921, 923-25 (E.D. Wis. 2004), and *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1199-1204 (C.D. Cal. 1999), and under the Illinois Rules of Professional Conduct, Rule 3.8(d), 28 U.S.C. 530B, *see, e.g., United States v. Acosta*, 357 F. Supp. 2d 1228 (D. Nev. 2005), it is our position that the government must disclose all favorable

AUSAs Jonas, Wells, and Ardam
January 23, 2021
Page 4

documents and information without regard to whether there is a reasonable probability that the disclosure would change the outcome of the trial. It is our position as well that favorable documents and information must be disclosed even if inadmissible, as long as the documents and information are reasonably likely to lead to the discovery of admissible evidence. *See, e.g., Sudikoff*, 36 F. Supp. 2d at 1201. Please let us know if you disagree with these principles so we can bring any disputes to the Court for resolution. The documents and information that we request under *Brady* and its progeny include:

    A.    All documents or information (in whatever form) tending to establish that any of the allegations in the indictment are not true; or that would tend to contradict or mitigate either the government's theory of its prosecution or arguments in aggravation at sentencing. This request includes, but is not limited to any and all reports, memoranda, notes or other written, recorded, or digitally preserved memorializations in the government's possession or control pertaining to the following:

        i.    Defendant's membership or attempted membership in ISIS or any other designated terrorist group;

        ii.    Defendant's assistance or attempted assistance to ISIS or any other designated terrorist group;

        iii.    Defendant's solicitation of membership, funds, or material for ISIS or any other designated terrorist group;

        iv.    Defendant's provision or attempted provision of any type of material support to ISIS;

        v.    Defendant's provision or attempted provision of any type of material support to any individual or group acting on behalf of ISIS;

        vi.    Defendant's provision or attempted provision of any type of material support to any person or group that engaged in terrorist activity; and,

        vii.    Defendant's provision of any type of material support to any person or group who provided services or personnel, including themselves, to ISIS or any other designated terrorist group.

    B.    All documents or information (in whatever form) that may be used to impeach any potential prosecution witness. [2] We note that such

---

[2] As used in ¶ (K)(2), the term "prosecution witness" includes both witnesses whom the prosecution intends to call to the witness stand and declarants whose out-of-court statements the prosecution intends to present as non-hearsay or pursuant to a hearsay exception. *See* Fed. R. Evid. 806; Ogden Memo Step 1.B.7.

AUSAs Jonas, Wells, and Ardam
January 23, 2021
Page 5

        impeachment information includes information developed in the course of interviewing potential prosecution witnesses and preparing them for trial, whether or not memorialized in writing. *See, e.g.,* Ogden Memo Step 1.B.8. The impeachment information we request includes all categories of information set out at Step 1.B.7 of the Ogden Memo, including:

    i.    all documents or information (in whatever form) relating to any conviction or arrest of any potential prosecution witness, including any juvenile adjudication or arrest;

    ii.    all documents or information (in whatever form) relating to promises, consideration, or inducements made to any potential prosecution witness, whether directly to the witness or indirectly to the witness' attorney, friends, family, or business associates. "Consideration" means anything of value or use, including without limitation immunity grants, whether formal or informal, witness fees, transportation assistance, money, or assurance of favorable treatment with respect to any criminal, civil, or administrative matter;

    iii.    all documents or information (in whatever form) relating to known but uncharged criminal conduct, which may provide a motive to curry favor with the government;

    iv.    all documents or information (in whatever form) relating to inconsistencies in statements or testimony given by any potential prosecution witness;

    v.    all documents or information (in whatever form) relating to any polygraph examination administered to any potential prosecution witness;

    vi.    all documents or information (in whatever form) that would tend to impeach the credibility of any potential prosecution witness;

    vii.    all documents or information (in whatever form) bearing adversely on the character or reputation for truthfulness of any potential prosecution witness;

    viii.    all documents or information (in whatever form) relating to any psychological or psychiatric treatment or condition of any potential prosecution witness that could affect the witness' memory, perception, veracity, or credibility;

AUSAs Jonas, Wells, and Ardam
January 23, 2021
Page 6

    ix.    all documents or information (in whatever form) relating to any drug or alcohol use by any potential prosecution witness that could affect the witness' memory, perception, veracity, or credibility;

    x.    all documents or information (in whatever form) relating to any physical or organic condition of any potential prosecution witness that could affect the witness' memory, perception, veracity, or credibility; and,

    xi.    each specific instance of conduct from which it could be inferred that any potential prosecution witness is untruthful.

### III.  Predicates for Rule 12 Motions

12.  As a predicate to motions pursuant to Fed. R. Crim. P. 12, Defendant requests that she be informed of the information set forth below. With respect to these requests, and particularly those regarding FISA, the FAA, and EO 12333, we highlight the recent instruction from the Ninth Circuit Court of Appeals, which has emphasized, that, "[a]t a minimum, then, the Fourth Amendment requires notice to a criminal defendant when the prosecution intends to enter into evidence or otherwise use or disclose information obtained or derived from surveillance of that defendant conducted pursuant to the government's foreign intelligence authorities." *United States v. Moalin*, 973 F.3d 977, 1000 (9th Cir. 2020). This notice requirement extended to foreign surveillance conducted under foreign surveillance statutes, such as the Foreign Intelligence Surveillance Act ("FISA") and the controversial Amendments to FISA ("FAA"), as well as to "other foreign intelligence authorities, including Executive Order 12,333 and the FAA's predecessor programs." *Id*. at 1001. Notice under these "other foreign intelligence authorities" is essential because those programs lack any statutory protections that are present in FISA. *Id*. Thus, it is our position that the government's duty to provide notice of surveillance extends not only to information that is collected that it intends to use at trial against Defendant. Should the government disagree with this position, please state so in writing, as we anticipate any disputes will need to be resolved by the Court. With these points in mind, Defendant requests the following information:

    A.    Whether any evidence in the government's possession, custody, or control was obtained through electronic, physical, or mechanical surveillance, including without limitation wiretaps, body wires, pen registers, interception of telephone and fax communications, interception of e-mails, or video surveillance, and a description of such evidence.

    B.    In connection with any electronic, physical or mechanical surveillance of any defendant during the investigation of the allegations of the indictment or any related allegations, please provide: (a) video and audiotape and transcripts of the statements or conversations monitored, (b) copies of any fax communications or e-mails intercepted, (c) the procedures used to

AUSAs Jonas, Wells, and Ardam
January 23, 2021
Page 7

        conduct such surveillance, and (d) the authority under which such surveillance was conducted.

C.     With respect to any evidence the government obtained under the purported authority of 18 U.S.C. § 2510 *et seq*, ("Title III"), please provide: (a) all applications, certifications, affidavits, and other materials submitted to the Court in connection with any request for authority to obtain such evidence (including all materials related to requests to extend an existing Title III order); (b) all orders of the court purporting to grant such authority; (c) all evidence relating to measures taken by the government to reduce the interception of communications unrelated to the criminal activity under investigation; (d) all documents relating to Title III that were served upon defendants, including but not limited to any notices issued after the termination of the surveillance; (e) all documents relating to the sealing of information obtained pursuant to Title III surveillance; (f) all documents relating to other investigative procedures that were tried and failed; and (g) all documents relating to the basis on which the government concluded that other investigative procedures were unlikely to succeed if tried or were too dangerous.

D.     Any surveillance or search conducted pursuant to the pre-2008 provisions of the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. §§ 801-12, 1821-29, 1841-46.

E.     Any surveillance or search conducted pursuant to Sections 703, 704, or 705 of FISA, 50 U.S.C. §§ 1881(b), 1881(c), 1881(d), including surveillance of Defendant's communications with U.S. persons located outside the United States.

F.     Any surveillance or search conducted pursuant to Sections 702 of FISA, 50 U.S.C. § 1881(a), including surveillance of Defendant's international communications and visits to foreign-based websites.

G.     Any surveillance or search conducted pursuant to Executive Order 12333, including surveillance of Defendant's international communications and visits to foreign based websites.

H.     Any demand for records or tangible things pursuant to Section 215 of the Patriot Act, 50 U.S.C. § 1861, that produced information pertaining to Defendant, including phone records, internet records, or financial records.

I.     Any demand for records pursuant to a national security letter, *e.g.*, 18 U.S.C. § 2709, that produced information pertaining to Defendant, including phone records, internet records, or financial records;

AUSAs Jonas, Wells, and Ardam
January 23, 2021
Page 8

- J. Any "sneak and peek" search pursuant to Section 213 of the Patriot Act, 18 U.S.C. § 3103(a);

- K. Any "suspicious activity reports" provided pursuant to the Patriot Act and/or the Bank Secrecy Act;

- L. Any search or surveillance authorized under Rule 41 of the Federal Rules of Criminal Procedure;

- M. Any disclosure of communications or records pursuant to the Stored Communications Act, 18 U.S.C. § 2702-03;

- N. Any use of Internet content preservation orders pursuant to the provisions of 18 U.S.C. §2703 or any other authority;

- O. Any demand for records pursuant to a subpoena that produced information pertaining to Defendant, including phone records, internet records, or financial records;

- P. Any use of a cell-site simulator (*e.g.*, Stringray or Hailstorm device) or GPS-tracking device regarding Defendant;

- Q. Any use of a malware, exploits, hacking software or devices, or other electronic intrusions or monitoring software or systems installed or used on Defendant's electronic devices;

- R. Any monitoring of social media platforms that produced information concerning Defendant, whether or not the accounts, statements, or postings are attributed to Defendant;

- S. Any communications, chat logs, metadata, or other records that the government possesses concerning Defendant's communications through WhatsApp, Facebook, Twitter, Skype, iMessage, PalTalk, Telegram, Surespot, Reddit, Incels.me, Discord, Steam or any other social media or online communications platform that the government has not yet furnished to the defense.

- T. Any information favorable to the defense located in the files or databases of other agencies, including without limitation, information or data obtained pursuant to foreign-intelligence authorities, regardless of whether the government intends to use the information in this proceeding against Defendant.

AUSAs Jonas, Wells, and Ardam
January 23, 2021
Page 9

  U. Whether any evidence in the government's possession, custody, or control was obtained through a mail cover or trash cover, and a description of such evidence.

  V. Whether the government employed any informant or undercover agent during its investigation of the charges.

### IV. Rule 1006 Fed. R. Evid.

13. Under Fed. R. Evid. 1006, Defendant requests that she be advised whether the prosecution will seek to offer any chart, summary, or calculation in evidence, and, if so, (1) that all such charts, summaries, and calculations be produced, and (2) that all writings, recordings, or other information on which such charts, summaries, or calculations are based be made available for inspection and copying.

14. Defendant requests that the prosecution disclose whether it intends to offer in its case-in-chief as a statement any of the following, and that it provide the substance of any such statement:

  A. Any statement as to which Defendant allegedly manifested his adoption or belief in its truth. Fed. R. Evid. 801(d)(2)(B).

  B. Any statement made by another which was purportedly authorized by Defendant. Fed. R. Evid. 801(d)(2)(C).

  C. Any statement made by an agent or employee of Defendant concerning a matter within the scope his agency or employment made during the existence of such a relationship. Fed. R. Evid. 801(d)(2)(D).

  D. Any statement made by an alleged co-conspirator during the course of an in furtherance of any alleged conspiracy. Fed. R. Evid. 801(d)(2)(E).

15. Defendant requests that the prosecution disclose all evidence of any similar crimes, wrongs, or acts allegedly committed by him, upon which the prosecution intends to rely to prove motive, scheme, opportunity, intent, preparation, knowledge, or absence of mistake or accident. Fed. R. Evid. 404(b).

           Sincerely yours,

           Joshua G. Herman

JGH/jh
cc: Steven Greenberg