UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS OSADZINSKI, | No.   19 CR 869<br><br>Hon. Robert W. Gettleman |

**<u>PROTECTIVE ORDER</u>**

Upon motion of the United States, the Court having considered the facts and circumstances of this case and having considered the positions of the parties, to include the government's classified filings, including objections, if any, the Court makes the following findings:

1) The alternative measures proposed by the government are reasonable and necessary to protect from disclosure the true identity of the five undercover witnesses the government anticipates calling to testify at trial, namely, four FBI undercover employees ("UCEs") and one confidential human source ("CHS");

2) Disclosure of the true identity of the undercover witnesses would jeopardize ongoing undercover investigations of which they were or are currently involved in;

3) The witnesses have real and substantial risk of danger to themselves and their families if their true identity is disclosed;

4) Disclosure of the true identities of the witnesses could compromise the government's undercover investigative procedures, which could impair other, ongoing undercover operations; and

2

5) Disclosure of information about the FBI's Undercover Training Programs could cause serious damage to the national security of the United States.

(6) The information the government seeks to protect using the Silent Witness Rule ("SWR") is classified at the SECRET level and disclosure of that information would risk substantial harm to U.S. national security interests. The government's use of the SWR is also narrowly tailored to meet this interest. The government recommends use of the SWR only with respect to a limited universe of classified information contained in two brief classified exhibits. There is also no reasonable alternative to use of the SWR with respect to the classified information at issue.

Based on these findings, and any additional findings made on the record, the following measures will be utilized to protect the true identity of these five undercover witnesses at trial and the operational procedures of the FBI Undercover Program:

1) The witnesses may testify at trial using their undercover pseudonyms without publicly disclosing their true identity;

2) The defense shall be prohibited from asking any questions that would illicit certain monikers used by the OCEs when they engaged with the defendants or their personas;

3) The defense shall be prohibited from asking any questions seeking personal identifying information from the witnesses, including true name, address, or date of birth;

4) The defense shall be prohibited from asking any questions about the witnesses' participation in past or pending investigations or undercover operations;

5) The defense shall be prohibited from asking any questions regarding any FBI undercover programs;

6) Only the Court, essential courtroom personnel, the jury, the defendant and his counsel, the defendant's immediate family members, and the government's trial team shall be present in the courtroom when the witnesses testify. The government shall arrange for contemporaneous CCTV

    video or similar broadcast of the courtroom proceeding during the testimonies, without the visual image of the witnesses, which shall be made available for public viewing in another location in the courthouse;

7) The government shall be allowed to digitally obscure the facial images of the witnesses on any recorded video footage played over the CCTV feed during court proceedings (no such measures are required for any video shown or offered by the government as an exhibit at trial and viewed only by the defendant, his counsel, the Court, the jury, and other essential court personnel);

8) No recording of the witnesses' voices apart from the official court record;

9) The witnesses shall be permitted to use a non-public entrance/exit to the courthouse and the courtroom (outside the presence of the jury);

10) The Protective Order sought by this motion may only be modified through a written superseding order issued by the Court.

This Order will remain in effect until further order from the Court.

**IT IS SO ORDERED.**

**IT IS ALSO ORDERED** that the government's motion for substitutions for classified information pursuant to CIPA § 6(c) is **GRANTED** and the government may use the Silent Witness Rule with respect to the two proposed classified exhibits.

**IT IS FURTHER ORDERED** that the government's and defendant's classified motions and accompanying information shall be sealed and maintained in a facility appropriate for the storage of such classified information by the Court Security Officer as the designee of the Clerk of Court, in accordance with established security

procedures, for any future review, until further order of this Court.

SIGNED at Chicago, Illinois, this 20th day of September 2021.

_____
Robert W. Gettleman
UNITED STATES DISTRICT JUDGE