UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | No. 19 CR 869 |
| | ) | |
| vs. | ) | Honorable Robert W. Gettleman |
| | ) | |
| THOMAS OSADZINSKI | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO PRECLUDE GOVERNMENT WITNESS "OCE 1" FROM TESTIFYING AT TRIAL**

The UNITED STATES OF AMERICA, by and through its attorney JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby respectfully submits this response to Defendant's Motion to Preclude Government Witness "OCE 1" From Testifying at Trial. R. 126. As set forth in his motion, the defendant moves to preclude OCE 1's testimony pursuant to "Federal Rules of Evidence 103(a), 401, 402, 403, and 404, as well as the Due Process clause." R. 126 at 1. For the reasons set forth below, the defendant's motion should be denied.

**Background**

On June 6, 2018, the defendant sent a message to a Telegram chatroom titled "Weapons," "anyone have the video for this guide," linking to what appears to be a recipe for the explosive TATP printed below an ISIS flag. Later in the group conversation, another individual writes "yes. There was a much better detailed video guide in Arabic." The defendant asks, "was it an official release from Dawlah? with English subtitles or did you mean a different one?"

1

That same day, an Online Covert Employee of the FBI, "OCE 1," direct messaged the defendant "you asked about this," referencing the TATP recipe, and advising the defendant, "be very careful[.] what you want to do with it." The defendant responds that he "will be doing studying." When OCE 1 asks, "you mean studying for school?" the defendant responds, "for jihad," followed by a heart emoji and a symbol associated with ISIS. OCE 1 similarly advises the defendant to "pick and choose your target carefully . . . so not to harm innocent muslims . . . ." The defendant affirms that it would be "best to Target the government rafidah" and that "citizens can be risky unless they are in blatant kufr (alcohol bars, LGBT parade/club)."

In the conversation with OCE 1, the defendant notes that the Weapons chatroom they initially connected through was deleted. The defendant advises that he still was able to "download[ ] almost everything." OCE 1 asks the defendant if he "know much about computers and internet security," to which the defendant responds, "yes . . . I am in a top school for computers . . . in a few years inshaAllah I will be very skilled." The defendant goes on to say that with these skills, "I can help my brothers," implying ISIS. OCE 1 responds approvingly, and the defendant goes on to say, "all of my computer is encrypted and i use anonymous networks for everything[.] If any of the brother need help with security tell them to come to me." The defendant and OCE 1 then move to a different encrypted platform where they continue communicating.

On June 29, 2018, OCE 1 messages the defendant a greeting, and the defendant states that he had to "stay passive for now because of the mukhabarat," meaning law enforcement. The defendant then notes that he would fight law enforcement if he must and would "attain Shahadah," meaning martyrdom. When OCE 1 says OCE 1 would look forward to hearing news of the defendant's attack, the defendant replies, "InshaAllah, I know a brother in contact with IS media department. If I do it there will be an isdar [media release]."

The defendant once again reiterated that "any American employee will be not innocent." The defendant then references an "imprisoned brother," who was arrested after attempting hijrah, meaning migration to ISIS-controlled territory. The defendant then sends OCE 1 what appears to be the complaint from the material support case *United States v. Jones*, No. 17-CR-236. The same document was found in defendant's bedroom during a search following his arrest.

The defendant emphasized that he is willing to wait until the "FBI stop[ped] watching" him before acting. OCE 1 responds approvingly. The defendant notes that he has been "doing a lot of reading of materials." When OCE 1 asks, "Quran and hadith?" the defendant responds, "like explosive making and Quran and hadith." The conversation ends shortly thereafter and the defendant and OCE 1 do not communicate again.

**Argument**

Contrary to the defendant's opposition, the communications cited above are clearly relevant to the present matter. Federal Rule of Evidence 401 defines relevant

3

evidence as evidence having "any tendency to make a fact more or less probable than it would be without the evidence" and where "the fact is of consequence in determining the action." "A party faces a significant obstacle in arguing that evidence should be barred because it is not relevant, given that the Supreme Court has stated that there is a 'low threshold' for establishing that evidence is relevant." *United States v. Boros*, 668 F.3d 901, 907 (7th Cir. 2012) (*citing Tennard v. Dretke*, 542 U.S. 274 (2004)). The testimony cited above easily surmounts this low bar.

First, the defense has suggested they will argue the government acted overzealously in its investigation of the defendant, with numerous FBI agents approaching or surveilling the defendant at various times. The defendant's proactive, unsolicited comments in a chatroom titled Weapons helps dispel this argument and demonstrates that the FBI, rather than engaging in an overzealous investigation, instead attempted to learn if, in fact, the defendant was planning on carrying out a violent attack.

Second, the defendant's comments that he is "in a top school for computers" and that he hopes to "help my brothers" with his acquired computer skills is directly relevant to the charged conduct. Likewise, the defendant's claim that he knows someone with an "IS media" contact is similarly relevant. As the Court is aware, the defendant is charged with attempting to provide material support, namely, services, to ISIS in the form of a computer script. The defendant's comments to OCE 1 help demonstrate that the defendant intended to apply his computer skills in furtherance of ISIS's mission. The government will argue that while the script was the

4

manifestation of this objective, the defendant's goal fundamentally was to support ISIS.

In the instant matter, the government bears the burden of demonstrating that the defendant engaged in "concerted activity" as opposed to "independent advocacy" in his attempted provision of material support to ISIS. *Holder v. Humanitarian Law Project*, 561 U.S. 1, 23 (2010). The defendant's express intent that he hoped to help ISIS with his computer skills merely two months before sharing the script with a different OCE is critical evidence that the defendant modified and distributed the script not as a form of "independent advocacy," but intending to support ISIS.

Third, the defendant's statements referencing other material support cases and his preparation for attacking law enforcement demonstrate both his knowledge that material support of a foreign designated terrorist organization, like ISIS, is illegal, and his consciousness of guilt. 18 U.S.C. § 2339B(a) prohibits knowingly providing material support or resources provided a person has "knowledge that the organization is a designated terrorist organization . . . , that the organization has engaged or engages in terrorist activity . . . . or that the organization has engaged or engages in terrorism . . . ." The above-cited communications are relevant to the government's burden of providing that the defendant acted knowingly and with the understanding that ISIS is a designated terrorist organization or "engages in terrorist activity." 18 U.S.C. § 2339B.

The defense additionally argues that this evidence "will serve no purpose other than to inflame the jury." R. 126 at 8. The government does not, however, intend to

5

spend considerable time on the TATP recipe. Indeed, at trial, the government anticipates OCE 1 will testify that he is generally aware that TATP references explosives but that OCE 1 has no particular knowledge of explosives and will not render an opinion about the recipe itself. Moreover, unlike the defendant's separate Rule 403 arguments, the instant material contains no violent images or content.

The defendant finally argues that "the testimony should also be barred under Rule 404(b)." R. 126 at 8. Under Rule 404 of the Federal Rules of Evidence, "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). The defendant's reliance on *United States v. Seals*, 813 F.3d 1038, 1043 (7th Cir. 2016) is misplaced. In *Seals*, defendant Christopher Seals was convicted of armed bank robbery, among other charges, in connection with the robbery of a PNC Bank. *Id.* At trial, in the context of finding a mask with Seals's DNA in it, an officer referenced that individuals were seen wearing similar masks in the woods near a credit union. Seals opposed this testimony under Rule 404(b) as having no purpose "other than to show that [the defendant] had a propensity to commit bank robberies." *Id.* at 1044. The court, while declining to find whether there was admission of improper other acts testimony, ultimately held that any error was harmless. *Id.*

Here, the government maintains that the testimony offered by OCE 1 is not 404(b) evidence, but rather, is direct evidence of the defendant's intent to use his computer skills as the basis for supporting ISIS. This evidence is direct intent

6

evidence and is vastly different from the evidence the Seventh Circuit evaluated, and still declined to find error with, in *Sales*.

**Conclusion**

For the reasons set forth above, the government requests that the Court deny defendant's Motion to Preclude Government Witness "OCE 1" From Testifying at Trial, R. 126.

        Respectfully submitted,

        JOHN R. LAUSCH, Jr.
        United States Attorney

By:   /s/ *Barry Jonas*
        BARRY JONAS
        MELODY WELLS
        Assistant United States Attorneys
        219 South Dearborn Street, 5th Floor
        Chicago, Illinois 60604

        ALEXANDRA HUGHES
        Trial Attorney
        Department of Justice
        National Security Division
        950 Pennsylvania Ave.
        Washington, D.C.

Dated: September 28, 2021