**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19 CR 869 |
| | ) | Judge Robert W. Gettleman |
| THOMAS OSADZINSKI, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENTAL MOTION *IN LIMINE* TO PRECLUDE OR LIMIT
THE TESTIMONY OF PROSECUTION WITNESS AARON ZELIN
UNDER FEDERAL RULES OF EVIDENCE 401, 403 702, AND 704(b)**

Defendant, **THOMAS OSADZINSKI**, by and through his attorneys, **STEVEN A. GREENBERG** and **JOSHUA G. HERMAN,** respectfully submits this supplemental motion in limine to preclude or limit the testimony of prosecution witness Aaron Zelin. While the supplemental expert notice filed at Dkt. 132, attached hereto as Exhibit A, identifies Zelin's opinions, those opinions create a serious risk of injecting unfairly prejudicial, misleading, confusing and cumulative evidence under FRE 403 and further risk opining on the ultimate issue at stake in this case—Defendant's mental state—and are therefore impermissible under FRE 704(b). As such, Zelin's proposed testimony should be precluded or significantly narrowed.

**I.     BACKGROUND**

    **A.     The Government's Expert Disclosure Notice and
    Summary of Zelin's Anticipated Testimony**

On August 20, 2021, the prosecutors provided written notice to Defendant's counsel that Aaron Zelin would testify "based on his expertise in Sunni Arab jihadi groups, in particular, the

Islamic State of Iraq and the Levant ("ISIL"), the trend of foreign fighting, online jihadism, and jihadi governance." The defense moved to preclude that testimony, arguing that the government's Rule 16 notice was insufficient and further that any potential testimony would be impermissible under the federal rules of evidence. (Dkt. 104). After that motion was fully briefed, the Court ordered the government to submit a supplemental Rule 16 report regarding Zelin's testimony. (Dkt. 131).

On September 29, 2021, the government provided a supplemental Rule 16 notice letter for Zelin. That supplemental letter is filed at Dkt. 132. Unlike its predecessor, the September 29, 2021, Rule 16 letter identifies the following opinions that the government intends to elicit from Dr. Zelin:

- Dr. Zelin will opine that in addition to the official ISIS media entities referenced above, ISIS relied on supporter organizations to produce and disseminate ISIS propaganda. In addition, he will render the opinion that while these entities were not officially part of the Media Diwan, they coordinated with the media Diwan and would receive instruction from official ISIS entities

- Dr. Zelin will opine that in addition to the official ISIS media entities referenced above, ISIS relied on supporter organizations to produce and disseminate ISIS propaganda. In addition, he will render the opinion that while these entities were not officially part of the Media Diwan, they coordinated with the media Diwan and would receive instruction from official ISIS entities.

- Dr. Zelin will opine that social media companies' removal of ISIS propaganda forced ISIS to adapt its dissemination techniques. This included through the reliance on encrypted channels and the creation of redundancies in how it stored its media online.

- Dr. Zelin will render the opinion that ISIS views its media production and dissemination efforts as central to its continued existence.

- Dr. Zelin will explain this is why ISIS invests significant resources—to

- include personnel and monetary resources—in its media productions. These resources included not only producing high production value videos and other media, but imbedding videographers with fighters so operations could be filmed, and that footage could then be utilized in propaganda materials.

- Dr. Zelin will reference a document titled *Media Man, You Are a Mujahid, Too* (Gov't Ex. 407), an official ISIS publication. Dr. Zelin will explain how this document describes the importance of media and provides guidance for how Islamic State media operations should be constructed.

(Exhibit A). Zelin will also offer an opinion on five specific videos. As discussed below, Zelin's proposed testimony still runs into relevancy problems and, to the extent that the testimony is relevant, it seriously risks juror confusion on the critical element in this case—Defendant's mental state, and whether he attempted to provide material support to ISIS as charged in the Indictment and specified in the government's Bill of Particulars. (Dkt. 85, pp. 17-18). Instead, his testimony merely sheds more light on the uncontested issues related to ISIS's intent and methods.

## II. ARGUMENT

Pursuant to Federal Rule of Evidence 702, a witness who is qualified as an expert "by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise" if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;" "(b) the testimony is based on sufficient facts or data;" "(c) the testimony is the product of reliable principles and methods;" and, "(d) the expert has reliably applied the principles and methods to the facts of the case." Rule 702 "entrusts trial judges with a gatekeeping role designed to ensure that expert testimony is both relevant and reliable." *United States v. Truitt*, 938 F.3d 885, 889 (7th Cir. 2019) (quotation marks omitted). Such expert testimony must also be relevant pursuant to Rule 401 and must survive the

3

Rule 403 balancing test. The government, as the proponent of the expert testimony, has "the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule [702] are satisfied." *United States v. Williams,* 506 F.3d 151, 160 (2d Cir. 2007).

### A. The Relevancy of any Expert Testimony Must be Measured by the Charge in the Indictment, as Explained the Bill of Particulars

Rule 702 is designed to ensure that the expert testimony will reliably assist the trier of fact understand evidence or "determine a fact in issue." Therefore, it is essential to focus on the "fact[s] in issue." That focus is even more necessary, given the inherently and unduly prejudicial nature that the "terrorism" label carries. The "fact[s] in issue" are of course linked to the offense charged in the Indictment. As set forth in Defendant's first motion *in limine*, the relevancy of Zelin's proposed testimony must be determined by definition of the term "services," which is set forth in the Bill of Particulars. (Dkt. 104, pp. 4-6). Defendant adopts that discussion in full.

### B. The Court Should Preclude or Limit Zelin's Proposed Testimony Because it is Irrelevant and Cumulative.

Regardless of any supplement to its expert disclosure letter so that it conforms with Rule 16(a)(1)(G) and provides Defendant with requisite notice, it is clear that subject matter of Zelin's anticipated testimony still presents relevancy problems, particularly in light of the government's definition of "services" as noted above. Evidence must be relevant before it is admissible. *United States v. Gomez*, 763 F.3d 845, 853 (7th Cir. 2014) ("All evidentiary questions begin with Rule 402, which contains the general principle that '[r]elevant evidence is admissible' and '[i]rrelevant evidence is not.'"). Relevant evidence, as defined by FRE 401, is any evidence that "has a tendency to make a fact of consequence more or less probable." *United States v. Richards*, 719 F.3d 746, 760-761, (7th Cir. 2013); *see also Gomez*, 763 F.3d at 853 ("Rule 401 defines relevant

evidence as that which is both probative (having 'any tendency to make a fact more or less probable than it would be without the evidence') and material (the fact must be 'of consequence in determining the action').")

As counsel argued in their first motion *in limine* directed at Zelin, the government intends to use Zelin to provide a comprehensive overview of ISIS, its violent means and why it is designated as a terrorist organization. But expert testimony is still not necessary on that point, and any further testimony with the added imprimatur from an expert will be cumulative. Moreover, and as the Court should be able to tell from the videos that were entered into evidence at trial already, expert testimony is not needed because—as Defense counsel have repeatedly stated in their pretrial motions *in limine*—the videos obviously relate to ISIS; they clearly include images of violence; and, even with the government's editing, they show to the jury prejudicial gruesome images and combat footage. To have these exact videos played again to the jury, only this time with the expert testimony explaining why these are pro-ISIS videos—something that is not contested—will simply overload the jury and such testimony is not relevant to further any fact or issue that the jury must actually decide. Counsel maintain that expert testimony is not needed to describe how ISIS uses videos and media to spread their messages. The jurors in the courtroom will be familiar with that concept, and expert testimony in the manner outlined by the government is unnecessary and prejudicial.

Further, it is now more apparent than before that Zelin's opinions will focus on ISIS's structure and function as a "bureaucratic entity"; the various sub-entities existing within ISIS; the different leadership roles held by individuals in ISIS; and other organizational issues that have no bearing on the question that the jury has to resolve—did Defendant attempt to provide material

support to ISIS? How ISIS relied on "encrypted channels and the creation of redundancies in how it stored its online media" has no relevance on what Defendant intended through his actions. After all, there is no suggestion the defendant knew any of these particular details, or directed his efforts to assist with those specific issues.

It remains the case, as counsel stated before, that "ISIS's goals and objectives are not elements of proof," and Zelin should not be permitted to give a professorial lecture on what ISIS hoped to achieve and how it attempted to do so because the simple fact is that ISIS is not on trial. Counsel cannot put it any better than what was said in the original motion in limine:

> In short, nothing in the government's letter shows a single issue that the jury will be required to decide that Zelin's proposed testimony makes more or less probable. Zelin's proposed testimony about the history, rise, and structure of ISIS, its objectives and prerogatives, and its media operations creates risks turning the trial into a seminar on ISIS. But ISIS's goals and objectives are not elements of proof. Rather, the government must prove beyond a reasonable doubt that Defendant attempted to work in coordination with or under the direction of ISIS. As discussed below in the Rule 403 analysis, by focusing on ISIS's goals and strategies, Zelin's testimony creates a significant risk of obfuscating and even relieving the government's burden of providing what Defendant attempted to do, rather than what ISIS itself hoped others would do.

(Dkt. 104, p. 14). How ISIS operates does not make it any more or less likely the defendant intended to provide material support.

    **C.    The Court Should Preclude Zelin's Proposed Testimony Because it is Unduly Prejudicial Under FRE 403 and FRE 704(b) and Must Be Excluded.**

Even if some of Zelin's testimony can be seen as marginally relevant, it should still be excluded under FRE 403, particularly in light of the unfair prejudice that would result in an already unfairly tilted prosecution. FRE 403 "permits the district court to exclude relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice.'" *United States v.*

6

*Boswell*, 772 F.3d 469, 476 (7th Cir. 2014) (quoting FRE 403). "Evidence is unfairly prejudicial only to the extent that it will cause the jury to decide the case on improper grounds." *United States v. Richards*, 719 F.3d 746, 762 (7th Cir. 2013) (quoting *United States v. Chavis*, 429 F.3d 662, 668 (7th Cir. 2005)). In addition to unfair prejudice, FRE 403 provides that relevant evidence may be excluded if its probative value is outweighed by "confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.

As the supplemental notice letter makes abundantly clear, Zelin will focus on what he believes were ISIS's goals and objectives, such as "rel[ying] on supporter organizations to produce and disseminate ISIS propaganda." He will further opine that unofficial organizations "coordinated" with "the media Diwan and would receive instruction from official ISIS entities."

The risk of confusion and prejudice stemming from such testimony cannot be understated from the defense's perspective. It is now inescapable that the government will compensate for the lack of evidence regarding what Defendant intended to do by using Zelin to describe what ISIS intended. Such testimony will greatly confuse the issues and prejudice Defendant, particularly because of the specific nuances endemic to the material support statute. This is the exact problem that counsel anticipated in their prior motion *in limine* directed at Zelin, when they warned that the government would use their expert to "prove Defendant's mental state simply by focusing on ISIS's purported goals, its media operations, and its imagery." (Dkt. 104, p. 16). ISIS "mental state" cannot and should not be imputed to the defendant. Absent any showing that Defendant directed his efforts to assist because he knew this was how they operated, is misplaced, prejudicial, and inadmissible.

7

In particular, Zelin's testimony about how ISIS coordinated with "unofficial" supporter organizations does not mean that Defendant's association with any such "unofficial" organizations constituted attempted material support for ISIS. Indeed, the argument could be made that one contacted such organizations in order to *avoid* contact with ISIS and accussations of material support. Avoiding contact with ISIS cannot be turned on its head to mean attempted material support to ISIS.

Through this case, the government is clearly attempting to expand the scope of the material support statute in a manner that erases both the "independent advocacy" exception and the First Amendment safe harbor. Simply put, independently advocating for an FTO is not illegal. Nor is it illegal to advocate in parallel with an FTO's goals and objectives even when that involves echoing and repeating the FTO's messaging, as the First Circuit recognized in *United States v. Wright*, 937 F.3d 8, 28 (1st Cir. 2019). By using Zelin and his status as an "expert" to focus on what ISIS wanted others to do, what ISIS hoped to achieve, what steps ISIS took to preserve media, and how ISIS supposedly coordinated with other entities will only serve to confuse the issues before the jury in an incurably prejudicial manner and will also distract from the only issue at stake, which is the intent of Defendant, not ISIS.

### III. CONCLUSION

For the reasons set forth above, the Court should bar or significantly narrow the testimony of the government's proposed expert, Aaron Zelin.

    Respectfully submitted,

    /s/ Steven A. Greenberg
    **STEVEN A. GREENBERG,**

    /s/Joshua G. Herman
    **JOSHUA G. HERMAN**
    Attorneys for Defendant

**GREENBERG TRIAL LAWYERS**
53 West Jackson Blvd., Suite 1260
Chicago, Illinois 60604
(312) 879-9500

**LAW OFFICE OF JOSHUA G. HERMAN**
53 W. Jackson Blvd., Suite 404
Chicago, IL 60604
(312) 909-0434
jherman@joshhermanlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on October 5, 2021, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/Joshua G. Herman
**JOSHUA G. HERMAN**
Attorneys for Defendant

**LAW OFFICE OF JOSHUA G. HERMAN**
53 W. Jackson Blvd., Suite 404
Chicago, IL 60604
(312) 909-0434
jherman@joshhermanlaw.com