

FILED
10/15/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 19 CR 0869 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| THOMAS OSADZINSKI | ) | |

## JURY INSTRUCTIONS

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give each of you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

1

The charge against the defendant is in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant with attempting to provide material support to a designated foreign terrorist organization. The defendant has pled not guilty to the charge.

The indictment is simply the formal way of telling the defendant what crime he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

The defendant is presumed innocent of the charge. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

6

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that the defendant did not testify or present evidence. You should not even discuss it in your deliberations.

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the age of the witness;

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

9

It is proper for an attorney to interview any witness in preparation for trial.

You have heard testimony of an identification of a person. Identification testimony is an expression of the witness's belief or impression. In evaluating this testimony, you should consider the opportunity the witness had to observe the person at the time and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government must prove beyond a reasonable doubt that the defendant is the person who committed the crime that is charged.

You have heard witnesses, namely, Aaron Zelin who gave opinions and testimony regarding the terrorist organization ISIS and Mark Baggett who gave opinion testimony regarding computer terminology and the Python computer programming language. You do not have to accept the witnesses' opinions. You should judge this witnesses' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witnesses' qualifications, how each reached his conclusions, and the factors I have described for determining the believability of testimony.

You have heard recorded conversations and seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the conversations to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to listen to the recordings during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

If, during your deliberations, you wish to have another opportunity to view any transcripts as you listen to a recording, send a written message to the court security officer, and I will provide you with the transcripts.

Certain charts were shown to you to help explain other evidence that was admitted, specifically, Government's Exhibit 721. Charts are not themselves evidence or proof of any facts, so you will not have these particular charts during your deliberations.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

You have heard evidence obtained from the government's use of online covert employees and a confidential human source. The government is permitted to use these techniques. You should consider evidence obtained this way together with and in the same way you consider the other evidence.

The indictment charges that the crime happened "on or about" particular dates. The government must prove that the crime happened reasonably close to the date. The government is not required to prove that the crime happened on the exact date.

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

The indictment charges the defendant with knowingly attempting to provide material support and resources, namely, services, to a foreign terrorist organization, namely, the Islamic State of Iraq and al Sham (ISIS) knowing that the organization was a designated foreign terrorist organization, or that the organization had engaged in and was engaging in terrorist activity and terrorism.

In order for you to find the defendant guilty of this charge, the government must prove both of the following elements beyond a reasonable doubt:

1. The defendant knowingly attempted to provide material support or resources, namely services, to a designated Foreign Terrorist Organization, namely ISIS;

2. The defendant knew that ISIS was a designated Foreign Terrorist Organization, that ISIS engaged or engages in terrorist activity, or that ISIS has engaged or engages in terrorism.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

19

A person attempts to commit the crime of providing material support to a foreign terrorist organization if he (1) knowingly takes a substantial step toward providing material support to a foreign terrorist organization, (2) with the intent to provide material support to a foreign terrorist organization. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the crime of attempting to provide material support to a foreign terrorist organization.

As explained above, you must find beyond a reasonable doubt that the defendant knew that the Islamic State of Iraq and al Sham, also known as ISIS and the Islamic State, was a designated foreign terrorist organization or had engaged or was engaging in terrorist activity or terrorism.

The term "foreign terrorist organization" has a particular meaning under this statute. In order for an organization to qualify as a "foreign terrorist organization," the organization must have been designated as such by the Secretary of State through a process established by law. I instruct you as a matter of law that ISIS has been designated a foreign terrorist organization by the United States Secretary of State.

The term "terrorist activity" means any activity that, if it had been committed in the United States, would be unlawful under the laws of the United States or any State and that involves a threat, attempt, or conspiracy to use any explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with the intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property.

The term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents.

The term "material support and resources" includes any services. The term "services" refers to concerted activity, not independent activity. Services provided as material support to a foreign terrorist organization includes advocacy or activity performed in coordination with, or at the direction of, a foreign terrorist organization. Independent activity or advocacy, however, is not prohibited.

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

The First Amendment to the United States Constitution provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for redress of grievances.

Title 18, United States Code, Section 2339(B)(i), the statute under which Defendant is charged in the indictment, provides:

> Nothing in this section shall be construed or applied as to abridge the exercise of rights guaranteed under the First Amendment to the Constitution of the United States.

Advocacy that is done independently of the terrorist organization and not at its direction or in coordination with it does not violate the statute. Advocacy performed in coordination with, or at the direction of, ISIS is not shielded by the First Amendment.

24

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as cell phone, smartphone, iPhone, blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. Please include the date and time on any such note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

25

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will also sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)     No. 19 CR 869
)
      vs. )    Honorable Robert W. Gettleman
)
THOMAS OSADZINSKI

## **VERDICT**

With respect to sole count of the indictment, we, the jury, find as follows as to

defendant Thomas Osadzinski:

      GUILTY    □            NOT GUILTY    □

_____           _____
FOREPERSON

_____           _____

_____           _____

_____           _____

_____           _____

_____           _____