UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 869 |
| | ) | |
| vs. | ) | Honorable Robert W. Gettleman |
| | ) | |
| THOMAS OSADZINSKI | ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S SUPPLEMENTAL RULE 33 MOTION**

The UNITED STATES OF AMERICA, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby submits this response to the defendant's Supplemental Motion for a New Trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure (R. 178).

The defendant's supplemental motion is based on the premise that the government, during its rebuttal argument, improperly prevented the jury from considering the computer code at issue as protected First Amendment speech, when it argued that the First Amendment did not apply to the defendant's conduct. The defendant's argument, however, is flawed as it is based on the incorrect presumption that "computer code is undeniably protected by the First Amendment if the coding does not instruct on how to violate the law." R. 178 at 2. The computer code was not protected free speech and was created for the purposes of supporting a terrorist organization. The Court denied the defendant's identical argument prior to trial and it should deny this argument as well. R. 93 at 5-6.

1

*Computer Code is Not Protected Speech*

Speech in the form of services coordinated with (or attempted to) an FTO, is not protected First Amendment activity. The Supreme Court has distinguished between independent advocacy (protected speech) and "advocacy performed in coordination with, or at the direction of, a foreign terrorist organization" (not protected speech). *Humanitarian Law Project*, 561 U.S. 1, 26 (2010) (citations omitted). As such, proscribed conduct/services that may be considered speech, are not an exempted class of conduct under the material support statutory framework. Indeed, the Supreme Court has clarified that when material support takes the form of speech, "the statute is carefully drawn to cover only a narrow category of speech, to, under the direction of, or in coordination with foreign groups that the speaker knows to be terrorist organizations." *Id.*

The defendant cites to the civil case *Universal City Studios v. Corley*, 273 F. 3d 429 (2d Cir. 2001) in support of his position that computer script or code is speech. *Corley* is inapposite. In *Corley*, movie studios sought to enjoin Corley from publicly posting a computer program that would allow individuals to circumvent encryption technology placed on DVDs to prevent the unauthorized viewing and copying of motion pictures, in violation of the Digital Millennium Copyright Act.

Although *Corley* found that computer code is speech, the analysis presented by the Corley court – determining if the statute was content-neutral and if there was a substantial government interest – is inapplicable here. As stated above, if the service provided was not done as independent advocacy but as coordination with the

2

FTO, then the interest of the government in prohibiting the conduct outweigh any speech protections the conduct may be afforded in other circumstances. "Congress and the Executive are uniquely positioned to make principled distinctions between activities that will further terrorist conduct and undermine United States foreign policy, and those that will not." *Humanitarian Law Project*, 561 U.S. at 35.

The government has a compelling interest in regulating such speech; specifically, the protection of our national security by starving a terrorist organization of resources, in prohibiting the provision of support through 2339B. "Everyone agrees that the Government's interest in combating terrorism is an urgent objective of the highest order." *Id.* at 28. "The 'foreign terrorist organization' designation means that the Executive Branch has determined—and the D.C. Circuit, in choosing not to set aside the designation, has concluded that the determination was properly made—that materially supporting the organization is materially supporting actual violence." *United States v. Afshari*, 426 F.3d 1150, 1160 (9th Cir. 2005); *United States v. Warsame*, 537 F. Supp. 2d 1005, 1016 (D. Minn. 2008) ("While the prohibitions of § 2339B may include some limited expression protected under the First Amendment, the Court cannot conclude that § 2339 punishes a substantial amount of free speech in relation to its plainly legitimate sweep.").

Consistent with *Humanitarian Law Project*, the jury was instructed that "advocacy performed in coordination with, or at the direction of, ISIS is not shielded by the First Amendment." R. 152 at 25. The government's case, and the parties' arguments, were likewise consistent with this legal framework. The government's

3

opening comment during the rebuttal argument was done a) in response to the defense's repeated statements during his closing argument that the defendant's overall support for ISIS was protected free speech (e.g. "The First Amendment includes a right to say things that are disfavored, that are reprehensible, that I vile [sic], that when we see them and we watch them we feel sick inside." Tr. 1374) and b) was the opening salvo to a discussion of how the evidence proved that the defendant's conduct was performed in coordination with or at the direction of ISIS, and was not protected free speech. As the defendant acknowledged in his closing argument, "Then and only then with direction and coordination does the mighty First Amendment give way." Tr. 1379.

The defendant also argues that an issue at trial, in addition to the code, "was the right to share and receive ideas." R. 178 at 3. As the Court instructed the jury, a defendant is guilty of material support if they "knowingly attempted to provide material support or resources, namely services, to a designated Foreign Terrorist Organization." R. 152 at 19. Consistent with this instruction, the jury found that the defendant was not simply engaging in the exchange of ideas, as the defendant argues, but was rather providing services with the intent to provide material support to a designated foreign terrorist organization, namely ISIS. The jury further found this conduct was "not independent activity or advocacy." R. 152 at 22. In sum, having been appropriately instructed by the Court, the jury has already rejected this precise argument by defense.

The government's statement that the defendant "hasn't been charged for something he said" rather "something he did," Tr. P. 1414, was consistent with the evidence, which proved, beyond a reasonable doubt, that the defendant's conduct involving the computer code was done at the direction and coordination of ISIS, was done for the benefit of ISIS, and was, therefore, not protected by the First Amendment.

## Conclusion

For the foregoing reasons, and for the reasons set forth in the government's initial response to the defendant's post-trial motions, the United States respectfully requests that the Court deny defendant's motions for a judgment of acquittal or a new trial pursuant to Federal Rules of Criminal Procedure 29 and 33.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By:  /s/ *Barry Jonas*
BARRY JONAS
MELODY WELLS
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604

ALEXANDRA HUGHES
Trial Attorney
Department of Justice
National Security Division
950 Pennsylvania Ave.
Washington, D.C.

Dated: June 7, 2022

5